**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

HAMZA AHSAN,

Petitioner,

v. No. 2:26-cv-00522-DHU-KRS

KRISTI NOEM, Secretary, U.S. Department of Homeland Security; PAMELA BONDI, U.S. Attorney General; DORA CASTRO, Warden, Otero County Processing Center; TODD LYONS, Acting Director, Immigration and Customs Enforcement and Removal Operations; and MARY DE ANDA-YBARRA, Regional Director, Field Office Director of Enforcement and Removal Operations, Immigration and Customs Enforcement,

Respondents.

**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

THIS MATTER comes before the Court on Petitioner Hamza Ahsan's Petition for Writ of Habeas Corpus ("Petition"). Doc. 1. Having considered the parties' briefs, the record, and the relevant law, the Court **GRANTS** the Petition **IN PART**, and orders Respondents to provide Petitioner with a bond hearing before an Immigration Judge ("IJ") pursuant to 8 U.S.C. § 1226(a) within seven (7) days.

Petitioner is a native and citizen of Pakistan who entered the United States without inspection on June 2, 2023. Doc. 1 ¶ 45; Doc. 10-1 at 1. That same day, Petitioner was arrested by United States Border Patrol. Doc. 1 ¶ 46; Doc. 10-4 at 2. The next day, on June 3, 2023, the United States Department of Homeland Security ("DHS") issued Petitioner a Notice to Appear, which charges him as a noncitizen "present in the United States who has not been admitted or paroled." Doc. 10-1 at 1.

Later, on July 12, 2023, an IJ granted Petitioner's release under a $20,000.00 bond and "[u]pon submission of [his] passport and Alternatives to Detention" ("ATD") "such as electronic monitoring." Doc. 10-5 at 1. While on bond, Petitioner failed to comply with his ATD conditions. Doc. 10 at 3; Doc. 10-4 at 2 (noting extensive ATD violations, specifically, "11 ATD violations to include home failed visits"). Accordingly, on November 20, 2025, DHS issued a Warrant for Arrest, resulting in Enforcement and Removal Operations ("ERO") arresting Petitioner in New York City, New York. Doc. 10 at 3; Doc. 10-4 at 2; Doc. 10-6. He has since remained detained without a bond hearing.

On January 14, 2026, an IJ ordered Petitioner removed to Uganda. Doc. 10-2; Doc. 10-3. On January 26, 2026, the IJ "rescind[ed] the decision dated January 14, 2026, which ordered [Petitioner's] removal to Uganda" because "DHS assert[ed] they [we]re unable to remove [Petitioner] to Uganda pursuant to the ACA between the [United States] and Uganda." Doc. 10-7 at 1. The IJ reopened Petitioner's removal proceedings. *Id.* Petitioner was subsequently transferred to the Otero County Processing Center in Chaparral, New Mexico, where he remains detained. Doc. 1 ¶ 53.

Petitioner subsequently filed the instant Petition, arguing that his detention without a bond hearing violates the Immigration and Nationality Act ("INA") and the Due Process Clause. *Id.* ¶¶ 54-56, 61-64.[1] Petitioner argues that his detention is governed by 8 U.S.C. § 1226(a), rather than 8 U.S.C. § 1225(b)(2)(A), because he entered the United States without inspection and was not apprehended at a port of entry. *Id.* ¶ 55. Petitioner further argues that his continued detention

---

[1] Petitioner also argues that his detention violates 8 C.F.R. 1236.1(d)(1). *Id.* ¶¶ 57-60. However, because the Court grants Petitioner's Habeas Petition on his INA and Due Process claim, the Court "decline[s] to address th[is] remaining claims of error." *Scott v. Mullin*, 303 F.3d 1222, 1232 (10th Cir. 2002).

violates his due process rights. *Id.* ¶¶ 61-64. He requests a Writ of Habeas Corpus where this Court conducts a bond hearing within fifteen (15) days or, alternatively, a Writ of Habeas Corpus ordering Respondents to provide him with a bond hearing, where the Government bears the burden, within fifteen (15) days. *Id.* at 17. Petitioner also requests attorney fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. *Id.*

Respondents argue that "Petitioner is correctly classified as 'applicant for admission' under Section 1225(b)(2)(A) based on the plain language of that statute" and that his due process rights have not been violated under that statute. Doc. 10 at 2, 11-14.[2] Respondents further submit that, [s]hould the Court find [that] Section 1226 applies, the appropriate relief would be a bond review before" the Immigration Court, "rather than immediate release." *Id.* at 2, 14-15.

The INA contemplates two detention regimes for noncitizens with pending removal proceedings. The first, 8 U.S.C. § 1225, "governs the processing of noncitizens at the Nation's borders and ports of entry." *Santillan Quiroz v. Mullin*, 1226 F.4th 1226, 1236 (10th Cir. 2026) (internal quotation marks and citation omitted). This includes noncitizens subject to expedited removal under Section 1225(b)(1) and certain applicants seeking admission into the country under Section 1225(b)(2). "[A] noncitizen is 'seeking admission' when he takes some kind of ongoing action to request lawful entry into the United States." *Santillan Quiroz*, 1226 F.4th at 1238. Accordingly, the "only time a noncitizen can be said to be seeking admission is when he is seeking

---

[2] Respondents also argue that Petitioner's Habeas Petition should be dismissed for failure to exhaust his administrative remedies because he has not requested a bond hearing. *Id.* at 2, 7-8. Petitioner counters that requesting a bond hearing would be futile given *Matter of Hurtado*, 29 I&N Dec. 216 (BIA 2025). Doc. 1 ¶ 32; Doc 11 at 2-3. The Court agrees with Petitioner. "Under *Hurtado*, [IJs] lack jurisdiction to provide [Section] 1226(a) bond hearings to individuals in [Petitioner's] position, rendering any attempt to seek relief directly from the agency futile." *Pu Sacvin v. De Anda-Ybarra*, No. 2:25-cv-01031-KG-JFR, 2025 WL 3187432, at *2 (D.N.M. Nov. 14, 2025).

to enter the United States at the border." *Id.* at 1239. Section 1225 mandates detention and affords no bond hearing. *Id.* at 1234 (citing §§ 1225(b)(1)(B)(ii), (b)(1)(B)(iii)(IV), and (b)(2)(A)).

The second, 8 U.S.C. § 1226(a), governs the detention of "noncitizens who entered the United States and [we]re thereafter detained in the interior of the country." *Id.* at 1237. Section 1226(a) provides eligibility for bond and noncitizens detained under this Section are, therefore, entitled to an individualized bond hearing at the outset of detention. *Id.*; *Jennings v. Rodriguez*, 583 U.S. 281, 306, 138 S.Ct. 830 (2018).

Here, Petitioner entered the United States without inspection on June 2, 2023, and was last detained over two (2) years later, in New York City, New York. Doc. 1 ¶ 45; Doc. 10-1 at 1; Doc. 10-4 at 2. His detention is, therefore, governed by Section 1226(a) and he is entitled to a bond hearing. Accordingly, Respondents' misclassification of Petitioner as subject to Section 1225(b)(2)(A) violates the INA. Moreover, Respondents' resultant refusal to provide Petitioner with a bond hearing violates his due process rights. *Requejo Roman v. Castro*, 826 F. Supp. 3d 1267, 1282-84 (D.N.M. 2026).

Accordingly, Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED IN PART**.

**IT IS THEREFORE ORDERED** that Respondents provide Petitioner with an individualized bond hearing before a neutral IJ within **seven (7) days** of the entry of this Order. If Petitioner does not receive such a hearing on or before October 27, 2026, he shall be immediately released.

At the bond hearing, the assigned IJ is hereby ordered to first turn to the Government, who shall bear the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk and/or a danger to the community to justify continued detention. If the IJ determines that the

Government has met its burden, the IJ may then turn to Petitioner for his arguments. The assigned IJ is also hereby ordered not to consider, deny bond, or otherwise rely on *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). The entire bond hearing must also be recorded to aid the Court in reviewing any post-bond hearing motions.

**IT IS FURTHER ORDERED** that Respondents submit a status report to the Court within **ten (10) days** of the entry of this Order confirming whether a bond hearing was held and the result of said hearing.

**IT IS FURTHER ORDERED** that Petitioner may submit an application for fees and costs pursuant to the EAJA within thirty (30) days of this Order. Respondents may respond to Petitioner's application no later than fourteen (14) days after the application is filed with the Court.

The Court will issue a separate Final Judgment but retain jurisdiction over the matter to ensure compliance with this Order.

**IT IS SO ORDERED.**

HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE